RAFAELA CORTÉS, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent, STATE INSURANCE FUND, Appellee.

No. 564. Decided April 25, 1962.

*Juan F. Doval* and *José C. Ramos Vázquez* for petitioner. *Donald R. Dexter* and *Carmen Ana Archeval* for the State Insurance Fund.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Rigau.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

While workman Hermógenes Cortés Virella was carrying out a special errand for his employer, his motorcycle was struck by a commercial vehicle as a result of which he suffered a fracture of the skull which caused his death six days later.

The Manager of the State Insurance Fund held that the case was covered by the Workmen's Accident Compensation Act, but that, nonetheless, the dependency required by the Act for the purposes of the right to compensation did not exist and he ordered the dismissal of the case.

Rafaela Cortés, daughter of the deceased workman, appealed to the Industrial Commission from the decision of the Manager of the Fund, which after considering the facts of the case affirmed the decision and dismissed the appeal.

The facts before the Commission are the following:

1. The death of workman Hermógenes Cortés Virella was due to an accident covered by the Workmen's Accident Compensation Act;

2. Rafaela Cortés is the daughter of the deceased and she actually depended on him for her support; and

3. The said Rafaela Cortés was, at the death of her father, married, over 21 years of age, was not pursuing studies, nor was mentally or physically disabled for work.

The petitioner alleges before this Court that the Industrial Commission placed an erroneous interpretation on § 3,

subd. 5, paragraph 3, of the Workmen's Accident Compensation Act, and that that statute, as applied in the instant case, is unconstitutional because it denied her the equal protection of the laws, discriminating in favor of the employer, and has deprived her of her property without due process of law, inasmuch as in depriving her of compensation it also deprived her of an action for damages.

Section 3, subd. 5, of the Workmen's Accident Compensation Act—11 L.P.R.A. § 3 (Supp.)—provides compensation in the event of death to the persons who depended for their support on the deceased workman or employee. In paragraph 2 of subd. 5 it is declared:

"(2) Should the deceased workman or employee leave a widow; parents; children, including posthumous, adoptive and foster children; grandparents; foster father or foster mother; grandchildren; brothers, including foster brothers; concubine; and relatives within the fourth degree of consanguinity or second degree of affinity, they shall receive, upon qualifying under the regulations hereunder established, a compensation equal to sixty-six and two-thirds (66⅔) per cent of the wages the workman or employee received or, but for the accident, would have received on the day of the accident, payable at the end of each month with a minimum monthly payment of fifty (50) and a maximum of seventy-five (75) dollars for a maximum term of five hundred forty (540) weeks, except as hereinafter provided for the case in which the beneficiaries of the deceased workman be the widow, parents or children."

The next paragraph (3) provides that the Manager of the State Insurance Fund shall distribute the compensation among the aforesaid relatives who depended totally or partially for their support on the earnings of the deceased workman or employee at the time of his death. The Manager is under the duty to observe certain rules prescribed in the said paragraph (3) in determining the beneficiaries of the deceased workman or employee. Among these rules is rule (c) which reads as follows:

"(c) The right to compensation of the widow or concubine as a dependent of the deceased workman or employee shall cease if she marries or lives in concubinage with someone else. In such case or in the case of the death of the widow or concubine the monthly payments to the dependent minors shall be proportionally increased up to a sum not to exceed in total sixty-six and two-thirds (66⅔) per cent of the monthly payment the widow or the concubine received.

"Upon the minors' attaining age eighteen, save when permanently disabled for work by reason of their mental condition or physical handicaps, or upon reaching age twenty-five, if they are pursuing studies, payments to them shall be suspended."

The petitioner maintains that her right to compensation arises from paragraph (2) copied above, since no age limit is required in that provision in order to be entitled to compensation. Even though we departed from the rules of statutory construction and construed the said paragraph (2) isolatedly, the petitioner's contention would still be untenable, since the right of the persons therein mentioned to receive compensation is conditioned on the qualification of those persons under the rules prescribed in the following paragraph (3). It is so expressly provided in paragraph (2), and it is therefore necessary to look to those rules in determining whether the Act extends the right to compensation to a child, regardless of its age.

Subdivision (c) of paragraph (3) expressly provides that the payments to the beneficiaries shall be suspended upon attaining 18 years of age, except where such minors are permanently disabled for work by reason of their mental condition or physical handicaps, or until the age of 25 years if they are pursuing studies.

██ As may be seen, this is a general provision which covers all the beneficiaries mentioned in paragraph (2) who are minors, among whom are the children, including posthumous, adoptive or foster children, brothers and sisters, grandchildren, etc. However, if any doubt should exist as

to whether such provision covers the children, the same would be dispelled in view of the provisions of subdivision (f)[1] of the said paragraph (3), which prescribes the rules relating to the amount of compensation and form of payment when the beneficiaries of the deceased workman are the widow, father, mother, child, including posthumous or adopted children, or the concubine. The said subdivision (f) provides that if the beneficiaries be the persons mentioned, "the compensation shall be paid indefinitely, except as provided in subparagraph (c) above." We have seen that this subd. (c) provides, as respects the widow or concubine that her right to compensation shall cease if she marries or lives in concubinage, and as respects the minors, that the payments to them shall be suspended upon attaining the age of 18 years, save when they are mentally or physically disabled for work or are pursuing studies. In the latter case, the payments shall be suspended upon such minors attaining the age of 25 years. Hence, the minor children who are dependent on the deceased workman or employee are entitled to the com-

---

[1] The said subd. (f) reads as follows:

"(f) If the beneficiaries of the deceased workman or employee be the widow; father, mother; child, including posthumous and adoptive children; or concubine, the compensation shall be paid indefinitely, except as provided in subparagraph (c) above.

"If the beneficiary of the deceased workman is only the widow or the concubine, she shall be entitled to receive a total compensation amounting to fifty (50) per cent of the wages the workman or employee was receiving on the day of the accident, payable at the end of each month, which shall not be less than forty (40) dollars nor shall it exceed the sum of seventy-five (75) dollars. When the widow or the concubine concurs with only one child the total compensation to be distributed among the beneficiaries shall be increased by ten (10) per cent of the wages the workman was receiving on the day of the accident. If various children or other beneficiaries concur with them, the total compensation shall be increased by five (5) per cent for each additional beneficiary, but in no case shall the total payment exceed eighty-five (85) per cent of the wages of the workman or employee on the day of the accident nor shall it be greater than one hundred (100) dollars a month. When the only beneficiaries are the children of the workman, including posthumous or adoptive children, the total compensation payable shall not exceed sixty (60) per cent of the wages of the workman or employee and shall be satisfied in

pensation fixed by law, payable in monthly instalments,[2] until they attain the age of 18 years, with the exceptions already provided in the event of disability for work or by reason of study pursuits. Therefore, the inescapable conclusion is that if the deceased workman's or employee's children are over 18 years of age, are not mentally or physically disabled for work, nor pursuing studies, as is the case of the petitioner herein, they are not entitled to receive compensation payments.

In other jurisdictions, as in ours, the statutes limit the compensation to the minor children until they attain a certain age. See 9 SCHNEIDER, Workmen's Compensation Text 49, § 1914.

■■ We shall not stop to consider the alleged unconstitutionality of our Workmen's Accident Compensation Act. The power of our Legislative Assembly to regulate a matter of public interest such as compensation for casual accidents resulting in the loss of life or of the earning capacity is unquestionable, and a provision which in that field limits the compensation until the beneficiary, created as such by the Legislature itself, reaches a certain age seems to be warranted by a reasonable basis. See *Heirs of Rodríguez* v. *Industrial Commission*, 53 P.R.R. 784. On the other hand, if the accident in which Hermógenes Cortés Virella lost his

---

monthly payments of between forty (40) and seventy-five (75) dollars a month. If in the absence of widow, concubine, or children, including posthumous or adoptive children, the beneficiary be only the father or mother alone, or with the concurrence of other beneficiaries of a lower category, the total compensation to be paid shall not exceed nine thousand (9,000) dollars."

[2] According to the provisions of subds. (c) and (f), when the only beneficiaries are the workman's children, including the posthumous or adopted children, the total compensation payable shall not exceed 60 per cent of the workman's or employee's wages, and the same shall be payable in monthly payments from $40 to $75. These payments are paid indefinitely if the children are mentally or physically disabled for work, or until they attain age 25 if they are pursuing studies. With the exception of these two cases, the payments are suspended, if the children are minors, upon attaining 18 years of age.

life was not casual but was due to the negligence or lack of care of a third person, the Workmen's Accident Compensation Act did not preclude the petitioner, even though she was not a beneficiary of that workman, nor did it preclude the dependent beneficiaries, from bringing the corresponding action for damages against said third person. 11 L.P.R.A. § 32.

For the reasons stated, the decision of the Industrial Commission will be affirmed.